JUDGE ABRAMS

**14 CV 3595**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAY 20 2014 U.S.D.C. S.D.N.Y. CASHIERS

| | |
|---|---|
| ABKCO MUSIC & RECORDS, INC., DOWNTOWN MUSIC PUBLISHING, LLC, PEER INTERNATIONAL CORP., PEERMUSIC III, LTD., PEERTUNES, LTD., SONGS OF PEER, LTD., SOUTHERN MUSIC PUBLISHING CO., INC., and THE ROYALTY NETWORK, INC.<br><br>Plaintiffs,<br><br>v.<br><br>EXACT MEDIA, D/B/A LYRICSTIME.COM AND SEEKLYRICS.COM, AND DOES 1-10,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, ABKCO Music & Records, Inc., Downtown Music Publishing, LLC, Peer International Corp., Peermusic III, Ltd., Peertunes, Ltd., Songs of Peer, Ltd., Southern Music Publishing Co., Inc., and The Royalty Network, Inc. ("Plaintiffs"), bring this action against Defendants, Exact Media, d/b/a Lyricstime.com and SeekLyrics.com, and Does 1-10 ("Defendants"), alleging, on knowledge as to their own acts and upon information and belief as to the acts of others, as follows:

## NATURE OF ACTION

1. This is an action for willful copyright infringement. Plaintiffs own or control copyrights for a number of musical compositions, including the music and lyrics contained therein. Defendants are the owners and operators of a for-profit Internet business that exists for the sole purpose of commercially exploiting Plaintiffs' and other copyright owners' musical compositions in violation of copyright law.

2.      Defendants deliberately use countless pirated copies of song lyrics, including Plaintiffs' song lyrics from Plaintiffs' copyrighted musical compositions, to draw substantial Internet traffic to their websites at www.lyricstime.com and www.seeklyrics.com (the "Websites").  Defendants do this in order to generate revenue through the display of digital advertising to visitors who come to the Websites for complete copies of the song lyrics.  The more users that Defendants attract to the Websites through the lure of free song lyrics, the more money that Defendants make.

3.      Song lyrics are the foundation of Defendants' business.  They are the draw to the Websites and the benefit provided to visitors.  Yet, Defendants do not have permission or any right to exploit the song lyrics that they deliberately and systematically upload to the Websites and distribute to users for viewing, download, and further dissemination.

4.      Unlike legitimate Internet lyrics sites that respect intellectual property and obtain licenses from copyright owners such as Plaintiffs, Defendants intentionally exploit Plaintiffs' song lyrics without any authorization.  In so doing, Defendants seize for themselves an unfair advantage over their competitors who operate within the law by obtaining licenses.

5.      Defendants do not in any way compensate the Plaintiffs or other copyright owners who make, and have made, the creative and/or financial investments in the musical compositions, including the song lyrics, that Defendants deliberately exploit.  Defendants also have continued their blatant, willful, and widespread infringement despite receiving letters from the National Music Publishers' Association ("NMPA"), a trade association representing music publishers and songwriters, including Plaintiffs, notifying Defendants of their infringement and demanding they cease and desist from such illegal activity.  Accordingly, Plaintiffs bring this action to stop Defendants' unlawful activity and for damages.

## JURISDICTION AND VENUE

6. As this is a civil action under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, the Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because, among other things, Defendants do systematic and continuous business in this District and/or have performed acts directed at and causing harm in this District that give rise to the Complaint.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 28 U.S.C. § 1400(a).

## THE PARTIES

9. ABKCO Music & Records, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.

10. Downtown Music Publishing, LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

11. Peer International Corp. is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Burbank, California.

12. Peermusic III, Ltd. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California.

13. Peertunes, Ltd. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California.

14. Songs of Peer, Ltd. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Burbank, California.

15.     Southern Music Publishing Co., Inc. is a corporation organized under the laws of the State of New York, with its principal place of business in Burbank, California.

16.     The Royalty Network, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.

17.     Defendant, Exact Media, d/b/a Lyricstime.com and Seeklyrics.com, is an entity of unknown corporate origin, with a place of business in New York, New York.

18.     Defendants Does 1 through 10 are the fictitious names used to refer to certain individuals or entities whose true identities are not currently known to Plaintiffs.  The Doe Defendants are the individuals or entities that own or operate the Websites and engage in the infringement.  The Doe Defendants also include those individuals or entities that induce the infringement of Plaintiffs' song lyrics, have knowledge of the infringement of Plaintiffs' song lyrics and encourage or materially contribute to the infringing activity, and/or financially benefit from the infringement of Plaintiffs' song lyrics and fail to exercise their right and ability to control the infringement.  Once Plaintiffs ascertain their identities, Plaintiffs will amend the Complaint to include such individuals or entities as named defendants.

## PLAINTIFFS AND THEIR LAWFUL BUSINESSES

19.     Plaintiffs are a diverse group of music publishers who work and/or have worked with songwriters, *i.e.*, the composers and lyricists who write the musical compositions that are owned or controlled by Plaintiffs.  Plaintiffs are independent publishers that own and operate small businesses and are not affiliated with any large media companies or the major record labels.

20.     As music publishers, Plaintiffs serve as representatives and advocates for the interests of songwriters, working to ensure that their creative achievements are properly

rewarded.  Among other functions, music publishers help songwriters create and exploit their works by assisting them in the creative process, promoting their works to record companies and artists, licensing the musical compositions for sound recordings, public performances, printed sheet music, commercials, motion pictures, and lyric websites, and/or administering their works.  Plaintiffs and their partners provide consumers with a variety of authorized means to enjoy their song lyrics.

21.  Plaintiffs own or control the copyrights, among other things, to reproduce and distribute numerous popular and valuable musical compositions (the "Musical Works"), including the non-exhaustive, illustrative list attached hereto as Exhibit A.

22.  The Musical Works are original works of authorship protected as copyrighted works under the U.S. Copyright Act, 17 U.S.C. §§ 101, *et seq.* (hereinafter the "Copyright Act").

23.  Each of the Musical Works on Exhibit A has been duly registered in the United States Copyright Office.

## DEFENDANTS' INFRINGING ACTIVITIES

24.  Defendants have purposely built and actively operate their Websites—www.lyricstime.com and www.seeklyrics.com—with the object of enabling users to find, download, and distribute unauthorized copies of Plaintiffs' and other copyright holders' song lyrics.  In the process of doing so, Defendants have illegally reproduced and disseminated Plaintiffs' and others' copyrighted works without authorization on literally tens of thousands of occasions or more, and thus directly infringe Plaintiffs' exclusive rights under copyright.  In addition, Defendants have unlawfully induced, enabled, encouraged and profited from massive copyright infringement by their users.  Defendants are thus secondarily liable for the infringing

acts of their users under well-established theories of inducement, contributory infringement, and vicarious infringement.

25.     By design, the Websites provide users with ready access to an organized, ever-growing collection of infringing copies of song lyrics.  Visitors to the Websites download free, permanent copies of Plaintiffs' and other copyright holders' song lyrics.  The song lyrics are from today's most popular artists, *e.g.*, Beyoncé, Katy Perry, and Rihanna, as well as legendary artists, *e.g.*, The Rolling Stones, Ray Charles, and Sam Cooke, and many others.

26.     While the song lyrics are physically hosted and stored on Defendants' computer servers, users of the Websites do not upload the unauthorized copies of song lyrics.  Rather, Defendants knowingly and intentionally upload unauthorized copies of Plaintiffs' and other copyright holders' song lyrics to the Websites, even though they have no permission or authorization to do so.

27.     As a result of Defendants' actions, the Websites now each contain a virtually limitless collection of unauthorized copies of song lyrics the copyrights to which are owned or controlled by Plaintiffs and others.  Indeed, at the www.lyricstime.com homepage, Defendants boast, "We offer the most organized lyrics database as well as lyrics for all your favorite music."  At the www.seeklyrics.com homepage, Defendants brandish the moniker, "All Song Lyrics."

28.     Upon visiting the home pages at www.lyricstime.com or www.seeklyrics.com, a user can click on any letter of the alphabet, scroll through a list of artist names, and then obtain complete copies of song lyrics associated with the artist.  Alternatively, users can obtain the song lyrics they desire by typing the name of an artist or song into a search interface at each home page.  At www.lyricstime.com, the user can also find lyrics by looking at the "UPDATES" box for newly uploaded lyrics organized by day, by looking at a list of "Hot Artists," and/or by

looking at a "Chart" list of popular artists and song lyrics.  At www.seeklyrics.com, the user can further find lyrics by clicking on icons for "Top Songs," "Top Albums," or "Top Artists."

29.     Defendants have intentionally designed and maintained the Websites to make the infringing copies of song lyrics available to users without any digital rights management protection.  Users visiting the Websites can thus obtain permanent copies of the song lyrics, whether by saving the webpage to their computer, copying and pasting the lyrics into a document, and/or printing a hard copy of the lyrics.

30.     The Websites are free for Internet users to access.  Rather than charge visitors, Defendants predicate their business model on the display of digital advertising to users upon each visit.  Popular copyrighted content draws Internet traffic.  The more visitors, the more money Defendants make through advertising displays.  The value of the Websites also increases as the Internet traffic and advertising stream grows.

31.     The Websites are extremely popular.  On the www.lyricstime.com site, there is an icon for expressing an interest in advertising.  When clicking on it, the resulting webpage says, "We receive multi million hits monthly, and hundreds of thousand of hits daily."  Over 170,000 people have "liked" the Lyricstime site on Facebook.  Online web analytics reports indicate that visitors from the United States account for more than 20% of the traffic to www.lyricstime.com and more than 50% of the traffic to www.seeklyrics.com.

32.     Plaintiffs' Musical Works are creative intellectual property at the core of what receives copyright protection under the Copyright Act.  In turn, the Websites are a for-profit commercial operation that provides complete copies of Plaintiffs' copyrighted works without permission and without paying any license fee for doing so.  Defendants repackage and distribute these complete copies for financial gain, without compensating Plaintiffs or other copyright

7

holders whose song lyrics Defendants exploit.  This unauthorized use undermines legitimate sites that license song lyrics, since users of Defendants' Websites do not visit the legitimate websites that compensate Plaintiffs for the right to use Plaintiffs' song lyrics.

33. The Websites do not contain any contact information indicating who owns and operates them.  Despite this, it is clear the sites are jointly owned and operated.  The Websites are hosted on the same servers in the United States, through the same company, and at the same IP address.  The Websites each contain the same Google Analytics code, which allows the owners and operators to automatically report Internet traffic and other data back to an account that they maintain with Google for purposes of tracking information and metrics about site usage.  In addition, the domain names for the sites are each registered through the same registrar to "Exact Media" at 1133 Broadway, Suite 706, New York, New York, 10010.

34. Defendants try to cloak their actions in a false veil of legitimacy.  For instance, at www.seeklyrics.com, Defendants indicate they "do[] NOT endorse the distribution of copyrighted content."  Of course, by uploading copyrighted song lyrics to the Websites for distribution to millions of users, that is exactly what Defendants have done.

35. Defendants could stop infringing Plaintiffs' Musical Works, and could cease inducing, encouraging, contributing to, and facilitating infringement by their users.  Unfortunately, Defendants continue to directly and secondarily infringe Plaintiffs' Musical Works in order to profit and grow their business.  Indeed, Defendants have continued their blatant, willful, and widespread infringement despite receiving letters from NMPA notifying Defendants of their infringement and demanding they cease and desist from such illegal activity.

**FIRST CLAIM FOR RELIEF**
**(Direct Infringement)**

8

36. Plaintiffs re-allege and incorporate by reference each of the preceding paragraphs as if fully set forth herein.

37. Plaintiffs' Musical Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*, and they have been duly registered with the United States Copyright Office. At all relevant times, Plaintiffs have owned and/or controlled the respective copyrights, in whole or in part, in Plaintiffs' Musical Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

38. As detailed above, Defendants, without Plaintiffs' permission or consent, make unauthorized reproductions and/or distributions of Plaintiffs' Musical Works. Such reproduction and/or distribution constitutes infringement of Plaintiffs' registered copyrights and exclusive rights under copyright in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 106(3), and 501. A non-exhaustive, exemplary list of the Musical Works that Defendants have infringed is attached hereto as Exhibit A.

39. Each infringement by Defendants in and to Plaintiffs' Musical Works constitutes a separate and distinct act of infringement.

40. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights and constitute willful copyright infringement.

41. As a direct and proximate result of Defendants' acts of infringement, Plaintiffs are entitled to the maximum statutory damages, in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, under 17 U.S.C. § 504(b), as a direct and proximate result of the infringements by

Defendants, Plaintiffs are entitled to their damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

42. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

43. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**SECOND CLAIM FOR RELIEF**
**(Secondary Infringement – Inducement)**

44. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

45. As detailed above, Defendants and users of their service are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and/or distribute Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 106(3), and 501.

46. Through the activities set forth above, among others, Defendants design, operate, and maintain their Websites with the object of promoting their use to infringe Plaintiffs' and other copyright owners' copyrights.  As a direct and proximate result of such actions, Defendants' users have infringed Plaintiffs' copyrights in the Musical Works.  Accordingly, Defendants are liable under the Copyright Act for inducing the infringing acts of the users of their Websites, in violation of Plaintiffs' copyrights and exclusive rights under the copyright laws of the United States.

47. A non-exhaustive, exemplary list of the Musical Works that Defendants have infringed is attached hereto as <u>Exhibit A</u>.

48. Each infringement by Defendants in and to Plaintiffs' Musical Works constitutes a separate and distinct act of infringement.

49. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights and constitute willful copyright infringement.

50. As a direct and proximate result of Defendants' acts of infringement, Plaintiffs are entitled to the maximum statutory damages, in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, under 17 U.S.C. § 504(b), as a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to their damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

51. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

52. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**THIRD CLAIM FOR RELIEF**
**(Secondary Infringement – Contributory)**

53. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

54.     As detailed above, Defendants and users of their service are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and/or distribute Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 106(3), and 501.

55.     Through the activities set forth above, among others, Defendants know or have reason to know of the above-described infringement of Plaintiffs' Musical Works.  With such knowledge, Defendants cause, enable, facilitate, encourage, and otherwise materially contribute to this unauthorized reproduction and/or distribution.  As a direct and proximate result of such actions, Defendants' users have infringed Plaintiffs' copyrights in the Musical Works.  Accordingly, Defendants are liable under the Copyright Act as contributory infringers.

56.     A non-exhaustive, exemplary list of the Musical Works that Defendants have infringed is attached hereto as <u>Exhibit A</u>.

57.     Each infringement by Defendants in and to Plaintiffs' Musical Works constitutes a separate and distinct act of infringement.

58.     Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights and constitute willful copyright infringement.

59.     As a direct and proximate result of Defendants' acts of infringement, Plaintiffs are entitled to the maximum statutory damages, in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).  In the alternative, under 17 U.S.C. § 504(b), as a direct and proximate result of the infringements by Defendants, Plaintiffs are entitled to their damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

60. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

61. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**FOURTH CLAIM FOR RELIEF**
**(Secondary Infringement –Vicarious)**

62. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully set forth herein.

63. As detailed above, Defendants and users of their service are engaged in repeated and pervasive infringement of Plaintiffs' exclusive rights to reproduce and/or distribute Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106(1), 106(3), and 501.

64. Through the activities set forth above, among others, Defendants have the right and ability to supervise and/or control the infringing activities that occur through and as a result of the Websites and at all relevant times have derived a direct financial benefit from the infringement of Plaintiffs' Musical Works. Defendants have refused to exercise such supervision and/or control to the extent required under the law. As a direct and proximate result of such refusal, Defendants' users have infringed Plaintiffs' copyrights in the Musical Works. Accordingly, Defendants are liable under the Copyright Act as vicarious copyright infringers.

65. A non-exhaustive, exemplary list of the Musical Works that Defendants have infringed is attached hereto as Exhibit A.

66. Each infringement by Defendants in and to Plaintiffs' Musical Works constitutes a separate and distinct act of infringement.

67. Defendants' acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Plaintiffs' rights and constitute willful copyright infringement.

68. As a direct and proximate result of Defendants' acts of infringement, Plaintiffs are entitled to the maximum statutory damages, in the amount of up to $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). In the alternative, under 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' infringements, Plaintiffs are entitled to their damages and to Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

69. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

70. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request this Court grant the following relief against Defendants:

a.  That the Court issue a declaration that Defendants have directly and secondarily infringed Plaintiffs' copyrights under the Copyright Act and that such infringement was willful;

b.  For such equitable relief under Titles 17 and 28 as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including a preliminary and permanent injunction enjoining Defendants, each of them, and their respective agents, servants, employees, officers, attorneys, successors, licensees, and assigns, and all persons in active concert or participation with each or any of them, (i) from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in, the infringement of any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act or common law, whether now in existence or hereafter created, including, without limitation, the copyrights listed on Exhibit A; and (ii) surrender, and cease to use the domain names Lyricstime.com and Seeklyrics.com unless and until Defendants have satisfied the Court that Defendants have ceased to infringe Plaintiffs' copyrighted works;

c.  Statutory damages pursuant to 17 U.S.C. § 504(c) in amounts to be proven at trial, arising from Defendants' violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

d.  That the Court order Defendants to destroy under the Court's supervision all infringing copies of Plaintiffs' copyrighted works in their possession or control

   pursuant to 17 U.S.C. § 503(b) and then file a sworn report setting forth in detail the manner in which they have complied with the aforesaid Order;

e. That the Court order Defendants to conduct and provide an accounting of all profits derived from the use of unlicensed copies of Plaintiffs' copyrighted works; and

f. That the Court award Plaintiffs: (i) their attorneys' fees and full costs incurred in this action, (ii) prejudgment interest according to law, and (iii) such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury.

Dated: May 19, 2014      Respectfully submitted,

          By: /s/ Kerry M. Mustico
          Matthew J. Oppenheim (NY Bar No. 4314605)
          Scott A. Zebrak (*pro hac vice* pending)
          Kerry M. Mustico (NY Bar No. 4190534)
          OPPENHEIM + ZEBRAK, LLP
          4400 Jenifer Street, NW, Suite 250
          Washington, DC 20015
          Tel: 202-621-9027
          Fax: 866-766-1678
          matt@oandzlaw.com
          scott@oandzlaw.com
          kerry@oandzlaw.com

          *Attorneys for Plaintiffs*